IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FRANK ROBINSON, )<br>)<br>Defendant. ) | No. 03-00062-01-CR-W-NKL |

**ORDER**

On May 31, 2000, a Kansas City police officer stopped Defendant Frank Robinson on a routine traffic matter. The officer did a background check and was mistakenly told that Mr. Robinson did not have a license. Based on this mistaken information, Mr. Robinson was arrested and his car impounded. During a search of his car a gun was found when the back seat of the car was lifted. After it was determined that he was properly licensed to drive a car, he was released and not charged with any offense. More than one year later, he was indicted by the United States Government for being a felon in possession of the firearm which was found in his car on May 31, 2000. When he was arrested on that charge, law enforcement discovered two additional guns at his home - a rifle and a pistol.

On August 18, 2004, this Court sentenced Mr. Robinson to 84 months in jail for being a felon in possession of a firearm. His guideline range was 84 to 105 months and

1

the Court chose the low end of the guideline finding that even that sentence was substantially unjust.  After *Booker*, the Eighth Circuit remanded the case for resentencing.

Having considered all the factors contained in 18 U.S.C. § 3553(a), including the federal sentencing guidelines,  the Court now concludes that a sentence of 18 months in prison, is sufficient but not greater than necessary to comply with the goals established by Congress in 18 U.S.C. § 3553(2).  The Court is aware that this sentence is a sharp departure from the Federal Sentencing Guidelines but believes such a departure is warranted because the guidelines treat Mr. Robinson as a dangerous person based on two prior violent felonies, but the overwhelming evidence suggests that he no longer poses any greater threat to the community than does a felon without a violent background.

First, the guidelines, as mechanically applied to Mr. Robinson, treat him in the same way as a defendant who has two prior murders, rapes or armed robberies in the last year.  In contrast, Mr. Robinson had two purse snatching convictions.

Second, these convictions were 18 years ago and  in close succession when Mr. Robinson was in his early twenties and addicted to crack cocaine.  He served time for those convictions and satisfactorily completed supervision more than a decade ago.  There is no evidence that he has had an addiction to crack since that time.

Third, while Mr. Robinson has had continued contact with law enforcement after his two purse snatching convictions, those contacts appear to be of a minor nature regardless of how they are listed on the PSI.  There are no records to show exactly what precipitated these municipal court violations, but the state court judges obviously did not

regard them as serious given the sentences imposed by the municipal judge and the fact that he was on parole for the purse snatching incidents but was not even revoked because of these additional arrests and convictions. Furthermore, these post felony convictions are reflected in his criminal history category.

Fourth, and perhaps most compelling, law enforcement could not have regarded Mr. Robinson as a current danger to the community when he was stopped and the gun was found, because it was more than a year after he was arrested that he was indicted in federal court for being a felon in possession of a firearm. While the Court understands that the bureaucracy moves slowly, the fact that the defendant's violation of the felon in possession statute was not addressed for almost a full year, demonstrates that even law enforcement does not treat Mr. Robinson as a violent criminal. The Court has no doubt that the Government's response would have been different if Mr. Robinson's purse snatching convictions were recent or there was other evidence that Mr. Robinson was involved in criminal activity. By their own actions, the executive branch has acknowledged that Mr. Robinson is not likely to reoffend in a violent manner.

Finally, Mr. Robinson was not stopped by law enforcement because he was involved in criminal conduct; he was stopped because of a traffic violation and would never have come under law enforcement scrutiny unless law enforcement was given incorrect information about his license. The Court does not fault law enforcement, because good faith mistakes occur. At the same time, this is not the normal felon in possession case where someone comes to the attention of the police because of a domestic

assault, or a drug investigation or other criminal misconduct. It is, therefore, relevant in assessing whether Mr. Robinson should receive these substantial enhancements for being a violent criminal.

Given all these considerations, the Court returned to the guidelines and crafted a functional guideline range for Mr. Robinson. Because the Court concludes that Mr. Robinson is no longer a violent criminal, the Court has not included the special enhancements that are applicable to a felon with a history of violence. The Court does not believe that Congress intended these enhancements to serve any purpose other than to protect the community from additional violence. Thus, where violence is demonstrably no longer a threat, the guidelines should not be mechanically applied.

Without the special enhancements, the base offense level is a 14 and there is a two level enhancement because three guns were found. Thus, the total offense level would be 13 after the three points for acceptance of responsibility is deducted.

Under the original guideline calculation, Mr. Robinson's criminal history was a V. However, the Court believes that a criminal history of IV more accurately reflects Mr. Robinson's background The two purse snatching incidents occurred 18 years ago and in close succession to each other. The state courts did not consolidate them so they technically cannot be treated as related offenses under the guidelines, but they are part of the same pattern of criminal conduct, occurred in close geographic and temporal proximity, and were sentenced at the same time, with supervision for both occurring simultaneously. Clearly the age of these convictions and the fact that they occurred in

4

close succession and were functionally consolidated and were related to an addiction that no longer exists, should justify reducing the defendant's criminal history category by one level.

18 U.S.C. § 3553(a)(1) specifically requires the Court to consider the history and characteristics of the Defendant. Mr. Robinson, who is unusually articulate, has acknowledged his wrongdoing, and evidenced that the maturation process has shown him the futility of resisting authority. Unlike many defendants which the Court sees with similar backgrounds, he has been financially responsible for his children and has worked to provide them with a stable home. He has been employed consistently since getting his life back on track. Removing him from the community for an extended period would only contribute to family disintegration and the ills that flow from an unstable, economically stressed household. This, of course, is commonly the unfortunate by-product of criminal conduct, but necessary to insure the safety of the community and respect for the authority of law. In crafting a sentence, however, it appears prudent to select one that weighs in a meaningful way the risk of violence, the risk that a defendant or others will flaunt the law and a risk that the punishment imposed will create other serious societal ills.

Considering all these factors, the Court concludes that an 18 month sentence is the appropriate sentence in this case. The defendant is a felon and can never possess a firearm even to protect his family. It is a right that was forfeited as a result of the two purse snatching incidents 18 years ago. Mr. Robinson has now admitted his immature

belief that he had a right to carry a firearm because the law was unfair and he had a good reason to have the guns.  He understands that resistance to authority is unproductive and he wants to instead provide support for his family and live in peace.  Under these circumstances, an 18 month sentence will adequately punish him for having the guns so that he will not do this again.  Furthermore, when released from prison, Mr. Robinson will be on supervised release and under the control of the Court in the event that the Court is mistaken in its judgment.

s/ Nanette K. Laughrey<br>
NANETTE K. LAUGHREY<br>
United States District Judge

DATED:  October 4, 2005
Jefferson City, Missouri